IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>U.S. Department of Justice<br>Environment and Natural<br>  Resources Division<br>10th & Pennsylvania Ave., N.W.<br>Washington, D.C. 20530<br><br>     Plaintiff,<br><br>        v.<br><br>DAIMLERCHRYSLER AG<br>RP<br>HPC X 408<br>Calwer Strasse<br>71059 Sindelfingen<br>Germany<br><br>MERCEDES-BENZ USA, LLC<br>50 Craig Road<br>Montvale, NJ 07645<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>   Civil Action No. |

## NOTICE OF LODGING OF CONSENT DECREE

The United States hereby notifies the Court that it is lodging with the Court, today, a

proposed Consent Decree, attached hereto as Exhibit A. The United States filed this action

pursuant to Sections 204 and 205 of the Clean Air Act, 42 U.S.C. §§ 7523 and 7524, for

injunctive relief and the assessment of civil penalties against defendants DaimlerChrysler AG

and Mercedes-Benz USA, LLC ("Defendants"). The Complaint alleges that the Defendants

failed to timely file emission-defect information reports with the U.S. Environmental Protection

Agency, as required by 40 C.F.R. § 85.1903, with respect to the following emission-related defects in Mercedes-Benz vehicles: (1) defects in the mass airflow sensor on certain 1998 - 2000 vehicles, (2) defects in underfloor catalytic converter on 1998 - 2003 models with M112 and M113 engines, (3) defects in the fuel filler cap on certain 1998 - 2003 vehicles, (4) defects in the underhood catalysts of certain 1999 - 2001 M-class vehicles, (5) defects in the air pump of certain 2002 - 2006 vehicles, (6) defects in the fuel tank pressure sensor on certain 2001 vehicles, (7) defects in the ignition cable of certain 2001 - 2002 vehicles, and (8) defects in the ignition module of certain 2001 vehicles.

The proposed Consent Decree requires the Defendants to pay a $1.2 million civil penalty to the United States and to implement a Supplemental Emission-Related Defect Monitoring, Investigation, and Reporting Protocol.

At this time, the Court should not take any action with respect to the proposed Consent Decree. Pursuant to Department of Justice policy, United States will shortly publish a notice of the lodging of the Consent Decree in the Federal Register and provide the public with a 30-day comment period. After the close of the comment period, the United States will file a motion seeking the Court's approval of the Consent Decree unless comments have been submitted demonstrating that the Consent Decree is inappropriate, improper, or inadequate.

Respectfully Submitted,


SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

_Donald G. Frankel_

DONALD G. FRANKEL, D.C. Bar # 385086
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Suite 616
One Gateway Center
Newton, MA 02458
(617) 450-0442


OF COUNSEL:

JEFFREY A. KODISH
Attorney-Advisor
U.S. EPA
Air Enforcement Division
Mobile Sources Enforcement Branch
Western Field Office
12345 W. Alameda Parkway, Suite 214
Denver, CO 80228

## CERTIFICATE OF SERVICE

I, _REGINALD D. ROWAN_ hereby certify that I served the foregoing, as well as

the attached proposed Consent Decree, via First-Class mail on the persons listed below on this

**20TH** day of December, 2006:

PATRICK M. RAHER
Partner
Hogan & Hartson, LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20006

REGINALD D. ROWAN
Legal Assistant
U.S. Attorney's Office
555 4th Street, N.W.
Room E4827
Washington, D.C. 20530
(202) 514-7167

EXHIBIT A

PROPOSED CONSENT DECREE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>DAIMLERCHRYSLER AG and<br>MERCEDES-BENZ USA, LLC,<br><br>            Defendants. | Civil Action No. |

**CONSENT DECREE**

## TABLE OF CONTENTS

I.      JURISDICTION AND VENUE ........................................... 3

II.     DEFINITIONS ......................................................... 3

III.    APPLICABILITY ....................................................... 6

IV.     INJUNCTIVE RELIEF .................................................. 7

V.      REPORTING .......................................................... 7

VI.     CIVIL PENALTY ..................................................... 10

VII.    STIPULATED PENALTIES ............................................. 11

VIII.   FORCE MAJEURE .................................................... 15

IX.     DISPUTE RESOLUTION .............................................. 16

X.      RIGHT OF ENTRY/RECORDS RETENTION ............................ 19

XI.     EFFECT OF DECREE ................................................ 20

XII.    NON-WAIVER PROVISIONS .......................................... 21

XIII.   COSTS OF SUIT .................................................... 22

XIV.    MODIFICATION ..................................................... 22

XV.     PUBLIC COMMENT AND ENTRY OF CONSENT DECREE ................. 22

XVI.    TERMINATION ...................................................... 23

XVII.   SIGNATORIES/SERVICE .............................................. 24

XVIII.  INTEGRATION ...................................................... 24

XIX.    FINAL JUDGMENT .................................................. 25

XX.     RETENTION OF JURISDICTION ....................................... 25

XXI.    APPENDICES ....................................................... 25

WHEREAS, Plaintiff, the United States of America, at the request of the Administrator of the United States Environmental Protection Agency ("EPA") and by authority of the Attorney General, filed a Complaint herein against Defendants DaimlerChrysler AG and Mercedes-Benz USA, LLC (collectively "Mercedes-Benz") alleging violations of the Clean Air Act (the "Act"), as amended, 42 U.S.C. § 7401 *et seq.*, due to the failure to timely file Emission Defect Information Reports ("EDIRs") with EPA, as required by 40 C.F.R. § 85.1903, with regard to eight Emission-related Defects in certain Mercedes-Benz Vehicles;

WHEREAS, Mercedes-Benz disclosed a warranty data management issue to EPA which had delayed Mercedes-Benz's internal investigation process and its related determinations concerning whether EDIRs had to be filed with respect to the Emission-related Defects identified in the eight EDIRs;

WHEREAS, Mercedes-Benz submitted the eight EDIRs between July 27, 2004 and July 15, 2005;

WHEREAS, Mercedes-Benz cooperated with EPA in the development and review of information relevant to the Emission-related Defects described in these eight EDIRs, as well as two additional EDIRs, all ten of which are listed at Appendix A (the "Subject EDIRs");

WHEREAS, Mercedes-Benz has commenced voluntary recalls with respect to the Emission-related Defects identified in two of the Subject EDIRs, including (a) the EDIR submitted on February 28, 2005 with respect to the catalytic converters on certain Model Year 1999 - 2001 M-Class Mercedes-Benz Vehicles, and (b) the EDIR submitted on July 15, 2005 with respect to the air injection pumps on certain Model Year 2002 - 2004 Mercedes-Benz Vehicles;

WHEREAS, under the voluntary recalls described above, Mercedes-Benz, as of August 17, 2006, had inspected approximately 60% of the vehicles identified in the February 28, 2005, EDIR, and approximately 62% of the vehicles identified in the July 15, 2005, EDIR, and had taken action to correct defects discovered as a result of these inspections;

WHEREAS, Mercedes-Benz anticipates that during the course of the voluntary recalls described above, it will inspect approximately 80% of the vehicles identified in the February 28, 2005 EDIR and about 85% of the vehicles identified in the July 15, 2005 EDIR, and take action to correct defects discovered as a result of these inspections;

WHEREAS, Mercedes-Benz has extended its emissions warranty with respect to the Emission-related Defect identified in one of the Subject EDIRs, the EDIR submitted on July 27, 2004 with respect to the catalytic converters on certain Model Year 2000 S-Class and CL-Class Mercedes-Benz Vehicles;

WHEREAS, Mercedes-Benz has acted in good faith in its dealings with EPA and the Department of Justice ("DOJ") in the discussions concerning the resolution of this matter;

WHEREAS, the United States and Mercedes-Benz have consented to entry of this Consent Decree without trial of any issues; and

WHEREAS, the United States and Mercedes-Benz recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the United States and Mercedes-Benz in good faith, that implementation of this Consent Decree will avoid prolonged and complicated litigation between the United States and Mercedes-Benz, and that this Consent Decree is fair, reasonable, and in the public interest;

-2-

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section I of this Consent Decree, and with the consent of the Parties, it is hereby ADJUDGED, ORDERED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1.    The Court has jurisdiction over the subject-matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, 1355, and Sections 204 and 205 of the Act, 42 U.S.C. §§ 7523 and 7524.

2.    Solely for purposes of this Decree or any action to enforce this Decree, Mercedes-Benz consents to the Court's jurisdiction over this Decree or such action and over Mercedes-Benz, and consents to venue in this judicial district.

3.    For purposes of this Consent Decree, Mercedes-Benz agrees that the Complaint states claims upon which relief may be granted pursuant to Sections 203, 204, and 205 of the Act, 42 U.S.C. §§ 7522, 7523, and 7524.

## II. DEFINITIONS

4.    Unless specifically defined in this Section or elsewhere in this Consent Decree, terms used in this Consent Decree shall have the meanings currently set forth in Sections 202, 216, and 302 of the Act, 42 U.S.C. §§ 7521, 7550, and 7602, and the regulations promulgated under Title II of the Act, 42 U.S.C. §§ 7521–7590.

      a.    "Act" means the Clean Air Act, as amended, 42 U.S.C. §§ 7401 *et seq.*

      b.    "Certificate of Conformity" means a certificate issued by EPA pursuant to Section 206 of the Act, 42 U.S.C. § 7525.

c.     "Consent Decree" or "Decree" means this document, including the Appendices.

d.     "Day" means a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of the next working day.

e.     "EDIR" means an Emission Defect Information Report required pursuant to 40 C.F.R. § 85.1903.

f.     "Effective Date" is the date the Consent Decree is approved by the Court.

g.     "Emission-related Component" means a device, system, or assembly described in the approved Application for Certification (required by 40 C.F.R. §§ 86.1843-01 and 86.1844-01, 40 C.F.R. § 86.098-22 and like provisions of Subpart A of 40 C.F.R. Part 85 and 40 C.F.R. Part 86) including complete engines.

h.     "Emission-related Defect" means a defect in design, materials, or workmanship in a device, system, or assembly described in the approved Application for Certification (required by 40 C.F.R. §§ 86.1843-01 and 86.1844-01, 40 C.F.R. § 86.098-22 and like provisions of Subpart A of 40 C.F.R. Part 85 and 40 C.F.R. Part 86) which affects any parameter or specification enumerated in Appendix VIII to 40 C.F.R. Part 85.

i.     "Engine Family" means the basic classification unit of a vehicle's product line for a single Model Year within the meaning of 40 C.F.R. § 86.098-24(a).

j.     "EPA" means the United States Environmental Protection Agency and any of its successor departments or agencies.

-4-

k.    "Interest" means interest at the rate allowed on money judgments pursuant to 28 U.S.C. § 1961. For the purposes of calculating interest under Paragraph 16 of this Consent Decree, interest shall begin to accrue on the date that is 30 days after the Effective Date and such date shall be viewed as the "date of the entry of judgment" under 28 U.S.C. § 1961(a). For the purposes of calculating interest owed under Paragraphs 21 and 26 of this Consent Decree, interest shall begin to accrue on the date that is 30 days from the day that EPA sends a demand for payment of stipulated penalties under Paragraph 24 of the Consent Decree and such date shall be viewed as the "date of entry of judgment" under 28 U.S.C. § 1961(a).

l.    "Mercedes-Benz" means the Defendants, DaimlerChrysler AG and Mercedes-Benz, USA, LLC.

m.    "Mercedes-Benz Dealer" means any authorized dealer of Mercedes-Benz Vehicles.

n.    "Mercedes-Benz Vehicle" means any new motor vehicle distributed by Mercedes-Benz USA, LLC for sale in the United States.

o.    "Model Year" means model year as defined in 40 C.F.R. § 86.082.2.

p.    "Paragraph" means a portion of this Consent Decree identified by an Arabic numeral.

q.    "Parties" means the United States, DaimlerChrysler AG, and Mercedes-Benz USA, LLC, and each shall be a "Party."

r.    "Section" means a portion of this Consent Decree identified by a Roman numeral.

-5-

s.    "Subject EDIRs" means the ten Emission Defect Information Reports identified at Appendix A.

t.    "Test Group" means the basic classification unit of a vehicle's product line for a single Model Year within the meaning of 40 C.F.R. § 86.1827-01.

u.    "United States" means the United States of America, acting on behalf of EPA.

### III. APPLICABILITY

5.    This Consent Decree applies to and is binding upon the United States and upon Mercedes-Benz, its employees, contractors, agents, successors, and assigns.  Unless approved by the Parties in writing, any change in Mercedes-Benz's ownership or corporate status shall in no way alter Mercedes-Benz's responsibilities under this Consent Decree.  In any action to enforce this Consent Decree, Mercedes-Benz shall not raise as a defense the failure of its officers, directors, agents, servants, contractors, or employees or their successors to take actions necessary to comply with the provisions hereof.

6.    The obligations of Mercedes-Benz under this Consent Decree to make payments and to implement injunctive relief are joint and several obligations of DaimlerChrysler AG and Mercedes-Benz USA, LLC.

7.    Mercedes-Benz shall not assert as a defense to any action to enforce this Consent Decree the failure of any Mercedes-Benz officer, employee, or agent (provided that "agent" shall not be deemed to include Mercedes-Benz Dealers) to have received a copy of this Consent Decree.

## IV. __INJUNCTIVE RELIEF__

8.      Compliance with 40 C.F.R. § 85.1903: Mercedes-Benz shall file EDIRs in

accordance with the requirements of 40 C.F.R. § 85.1903, or any amendments thereof, with

respect to Mercedes-Benz Vehicles.

9.      Supplemental Emission-Related Defect Monitoring, Investigation and Reporting

Protocol: Mercedes-Benz shall implement a Supplemental Emission-Related Monitoring,

Investigation and Reporting Protocol for all Mercedes-Benz Vehicles, within 90 days from the

Effective Date of this Consent Decree, in accordance with Appendix B.

## V. __REPORTING__

10.     Each notice, submission, or report required by this Consent Decree shall be

accompanied by a transmittal letter referencing the appropriate Paragraph of this Consent Decree.

Mercedes-Benz shall, through a duly authorized representative having knowledge of the contents of

the notice, submission, or report, sign and certify under 28 U.S.C. § 1746 as follows:

> I certify under penalty of law that I have examined and am familiar
> with the information submitted in this document and all attachments
> and that this document and its attachments were prepared either by
> me personally or under my direction or supervision in a manner
> designed to ensure that qualified and knowledgeable personnel
> properly gathered and presented the information contained therein.
> I further certify, based on my personal knowledge or on my inquiry
> of those individuals immediately responsible for obtaining the
> information, that the information is true, accurate, and complete.  I
> am aware that there are significant penalties for submitting false
> information, including the possibility of fines and imprisonment for
> knowing and willful submission of a materially false statement.

Mercedes-Benz shall not object to the admissibility in evidence of any such reports in a

proceeding to enforce this Consent Decree.

-7-

11. Compliance with the reporting and notification requirements of this Consent Decree shall not relieve Mercedes-Benz of its obligation to comply with any other reporting or notification requirements imposed by any current or future federal, state, or local laws, regulations, or permits. Nothing contained in this Consent Decree is intended to waive or modify any requirement to submit reports or notifications to the United States or EPA as required by any statute, regulation, or other law or provision.

12. Unless otherwise provided herein, reports, submissions, notifications to, or communications with the United States or Mercedes-Benz shall be deemed submitted on the date they are postmarked and sent by first class mail, overnight receipt mail service, or by certified or registered mail, return receipt requested. Except as otherwise specifically provided herein, when written notification to or communication with the United States, EPA or Mercedes-Benz is required by the terms of this Consent Decree, it shall be addressed as follows:

<u>As to the United States and EPA</u>:

Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington D.C. 20044-7611
Re: DOJ No. 90-5-2-1-08769

Donald G. Frankel
Trial Attorney
Environmental Enforcement Section
United States Department of Justice
One Gateway Center
Suite 616
Newton, MA 02458

-8-

Director
Air Enforcement Division (2242A)
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Ariel Rios Building South
Washington, D.C. 20004

Jeffrey A. Kodish, Esq.
Western Field Office
Air Enforcement Division
U.S. Environmental Protection Agency
12345 W. Alameda Parkway, Suite 214
Denver, CO 80228

Director
Compliance and Innovative Strategies Division (6403J)
Office of Transportation and Air Quality
Office of Air and Radiation
U.S. Environmental Protection Agency
1310 L Street, N.W.
Washington, D.C. 20004

Thomas M. Ball
Program Manager
Compliance and Innovative Strategies Division
U.S. Environmental Protection Agency
2000 Traverwood
Ann Arbor, MI 48105


As to Mercedes-Benz:

Herbert Kohler
Vice President, Chief Environmental Officer
DaimlerChrysler AG,
RPB
HPC G 205
Mercedesstrasse 137
70546 Stuttgart
Germany

-9-

Siegfried Schwung, Vice President, General Counsel Product
DaimlerChrysler AG
RP
HPC X 408
Calwer Strasse
71059 Sindelfingen
Germany

Rudolf Thom, Director, Certification/Regulatory Affairs
DaimlerChrysler AG
EP/QZ
HPC X 425
Bela-Barenyi-Strasse
71059 Sindelfingen
Germany

Klaus Ulkann, Vice President, Customer Service
Mercedes-Benz USA, LLC
One Mercedes Drive
Montvale, NJ 07645

Frank P. Berenz, Esq., General Counsel
Mercedes-Benz USA, LLC
One Mercedes Drive
Montvale, NJ 07645

Rolf Scherer, General Manager, Engineering Services
Mercedes-Benz USA, LLC
50 Craig Road
Montvale, NJ 07645

All Parties to the Consent Decree may change the address for providing notices to them by

serving all other addressees identified above with a written notice setting forth the new address.

## VI. CIVIL PENALTY

13.    Within thirty days after the Effective Date of this Consent Decree, Mercedes-

Benz shall pay a civil penalty to the United States of $1,200,000.

14.    Payment shall be made by Electronic Funds Transfer ("EFT") to the U.S.

Department of Justice ("DOJ") in accordance with instructions to be provided to Mercedes-Benz

-10-

following lodging of the Consent Decree by the Financial Litigation Unit of the U.S. Attorney's

Office for the District of Columbia. Any EFT received at the DOJ lockbox bank after 11:00 a.m.

Eastern Time will be credited on the next business day. Notice of the EFT shall simultaneously

be mailed to the following:

> Docket Clerk
> Mailcode MS 2214A
> U.S. Environmental Protection Agency
> 1200 Pennsylvania Avenue, N.W.
> Washington, D.C. 20460

> Jeffrey A. Kodish, Esq.
> Western Field Office
> Air Enforcement Division
> U.S. Environmental Protection Agency
> 12345 W. Alameda Parkway, Suite 214
> Denver, CO 80228

> Thomas M. Ball
> Program Manager
> Compliance and Innovative Strategies Division
> U.S. Environmental Protection Agency
> 2000 Traverwood
> Ann Arbor, MI 48105

> Chief
> Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice
> P.O. Box 7611
> Washington, D.C. 20044-7611
> Reference DOJ Case No. 90-5-2-1-08769

> Keith V. Morgan
> Assistant United States Attorney
> District of Columbia
> Judiciary Center Building
> 555 Fourth Street, NW
> Washington, D.C. 20530

15.     The transmittal letter forwarding such notice shall include the DOJ case number

90-5-2-1-08769 and the civil action number of this case.

16.    If Mercedes-Benz fails to make the payment required by Paragraph 13 within thirty days of the Effective Date, the payment is late.  Late payment is subject to Interest and Stipulated Penalties as provided below.

17.    Mercedes-Benz shall not deduct the payment required by Paragraph 13 in calculating its federal income tax.

18.    The United States shall be deemed a judgment creditor for purposes of collection of the payment required by Paragraph 13.

### VII.  STIPULATED PENALTIES

19.    Mercedes-Benz shall be liable for stipulated penalties to the United States for violations of this Consent Decree as specified below, unless excused under Section VIII (Force Majeure).  A violation includes failing to  perform any obligation required by the terms of this Decree according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree.

20.    The following stipulated penalties shall accrue per violation per day for each violation of a requirement identified as follows:

a.    For failure to make the payment required by Paragraph 13 of this Consent Decree when due:  $1,000 per day for each day that the payment is late.

b.    For failure to create, maintain, or provide copies of records or reports as required by this Consent Decree: $100 per day for the first thirty days of delay; $200 per day for the next thirty days of delay; and $400 per day for any delay beyond sixty days.

-12-

c.    For failure, within ninety Days of the Effective Date of this Decree, to supplement its existing Emission-related Defect monitoring, investigation and reporting procedures in accordance with Appendix B:  $1,000 per day.

d.    For failure to timely file an EDIR, as required by Paragraph 8 of this Consent Decree, or to timely initiate a defect investigation, as required by Appendix B of this Consent Decree:

| For each violation | Penalty |
|---|---|
| 1st to 10th day | $  500 per day |
| 11th to 30th day | $  750 per day |
| After 30th day | $1,000 per day |

21.    Stipulated penalties shall continue to accrue as provided in Paragraph 20 of this Consent Decree during any Dispute Resolution, but need not be paid until the following:

a.    If the dispute is resolved by agreement or by a decision of EPA that is not appealed to the Court, Mercedes-Benz shall pay accrued penalties determined to be owing, together with Interest, to the United States within thirty days of the effective date of the agreement or the receipt of EPA's decision or order.

b.    If the dispute is appealed to the Court and the United States prevails in whole or in part, Mercedes-Benz shall pay all accrued penalties determined by the Court to be owing, together with Interest, within sixty days of receiving the Court's decision or order, except as provided in Subparagraph c, below.

c.    If any Party appeals the District Court's decision, Mercedes-Benz shall pay all accrued penalties determined to be owing, together with Interest, within fifteen days of receiving the final appellate court decision.

-13-

22.     Subject to the provisions of Section XI (Effect of Decree) of this Consent Decree, the Stipulated Penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States for Mercedes-Benz's violation of this Consent Decree or applicable law.  Where a violation of this Consent decree is also a violation of the Act, Mercedes-Benz shall be allowed a credit, for any stipulated penalties paid, against any statutory penalties imposed for such violation.

23.     If a date by which Mercedes-Benz must meet any obligation of this Consent Decree falls on a holiday or weekend, the due date shall be the following working day. Stipulated civil penalties shall automatically begin to accrue on the first day Mercedes-Benz fails to satisfy any obligation or requirement of this Consent Decree and shall continue to accrue until the violation or deficiency is corrected.  Stipulated penalties shall continue to accrue throughout any dispute resolution process.

24.     Stipulated penalties shall be paid no later than thirty days following the date that EPA sends to Mercedes-Benz a demand for payment of the stipulated penalties which have accrued to date together with an explanation of the basis for the demand.  Mercedes-Benz shall pay stipulated penalties owing to the United States by EFT in accordance with Paragraph 14 of this Consent Decree or by certified or cashier's check in the amount due, payable to the "U.S. Department of Justice," referencing DOJ No. 90-5-2-1-08769 and the civil action number of this case, and delivered to the office of the United States Attorney, District of Columbia, United States Attorney's Office, 555 4th Street, NW, Washington, D.C. 20530.

25.     Mercedes-Benz shall not deduct stipulated penalties paid under this Section in calculating its federal income tax.

-14-

26.    If Mercedes-Benz fails to pay stipulated penalties according to the terms of this Consent Decree, Mercedes-Benz shall be liable for Interest on such penalties.

27.    Notwithstanding any other provision of this Decree, the United States may, in its unreviewable discretion, waive any portion of a stipulated penalty that has accrued pursuant to this Decree.

### VIII. FORCE MAJEURE

28.    A "force majeure event" is any event beyond the control of Mercedes-Benz, its contractors, or any entity controlled by Mercedes-Benz that delays the performance of any obligation under this Consent Decree despite Mercedes-Benz's best efforts to fulfill the obligation. "Best efforts" includes anticipating any potential force majeure event and addressing the effects of any such event (a) as it is occurring and (b) after it has occurred, preventing or minimizing any resulting delay to the greatest extent possible. "Force Majeure" does not include Mercedes-Benz's financial inability to perform any obligation under this Consent Decree.

29.    Mercedes-Benz shall provide written notice, as provided in Paragraph 12 of this Consent Decree, within fourteen days of the time Mercedes-Benz first knew of, or by the exercise of due diligence, should have known of, the event. The notice shall state:  the anticipated duration of any delay; its cause(s); Mercedes-Benz's past and proposed actions to prevent or minimize any delay; a schedule for carrying out those actions; and Mercedes-Benz's rationale for attributing any delay to a force majeure event. Failure to provide written notice as required by this Paragraph shall preclude Mercedes-Benz from asserting any claim of force majeure. Mercedes-Benz shall adopt all reasonable measures to avoid or minimize such delay.

30.    If the United States agrees that a force majeure event has occurred, the United States may agree to extend the time for Mercedes-Benz to perform the affected requirements for the time necessary to complete those obligations.  An extension of time to perform the obligations affected by a force majeure event shall not, by itself, extend the time to perform any other obligation.  Where the United States agrees to an extension of time, the appropriate modification shall be made pursuant to Section XIV (Modification) of this Consent Decree.

31.    If the United States does not agree that a force majeure event has occurred, or does not agree to the extension of time sought by Mercedes-Benz, the United States' position shall be binding, unless Mercedes-Benz invokes Dispute Resolution under Section IX of this Consent Decree.  In any such dispute, Mercedes-Benz bears the burden of proving, by a preponderance of the evidence, that each claimed force majeure event is a force majeure event, that Mercedes-Benz gave the notice required by Paragraph 29, that the force majeure event caused any delay Mercedes-Benz claims was attributable to that event, and that Mercedes-Benz exercised best efforts to prevent or minimize any delay caused by the event.

32.    An extension of one compliance date based on a particular event shall not automatically extend any other compliance date.  Mercedes-Benz shall make an individual showing of proof regarding the cause of each delayed incremental step or other requirement for which an extension is sought.

## IX.  DISPUTE RESOLUTION

33.    Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree.  Mercedes-Benz's failure to seek resolution

-16-

of a dispute under this Section shall preclude Mercedes-Benz from raising any such issue as a defense to an action by the United States to enforce any obligation of Mercedes-Benz arising under this Decree.

34.     Informal Dispute Resolution. Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations. The dispute shall be considered to have arisen when Mercedes-Benz sends the United States a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute. The period of informal negotiations shall not exceed thirty days from the date the dispute arises, unless that period is modified by written agreement. If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within forty-five days after the conclusion of the informal negotiation period, Mercedes-Benz invokes the formal dispute resolution procedures in Paragraph 35 of this Consent Decree.

35.     Formal Dispute Resolution. Mercedes-Benz shall invoke formal dispute resolu-tion procedures, within the time period provided in Paragraph 34 of this Consent Decree, by serving on the United States a written Statement of Position regarding the matter in dispute. The Statement of Position shall include, but may not necessarily be limited to, any factual data, analysis, or opinion supporting Mercedes-Benz's position and any supporting documentation relied upon by Mercedes-Benz.

36.     The United States shall serve its Statement of Position within forty-five days of receipt of Mercedes-Benz's Statement of Position. The United States' Statement of Position shall include, but may not necessarily be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States.

-17-

The United States' Statement of Position shall be binding on Mercedes-Benz, unless Mercedes-Benz files a motion for judicial review of the dispute in accordance with Paragraph 37 of this Consent Decree.

37.     Mercedes-Benz may seek judicial review of the dispute by filing with the Court and serving on the United States, in accordance with Paragraph 12 of this Consent Decree, a motion requesting judicial resolution of the dispute.  The motion must be filed within forty-five days of receipt of the United States' Statement of Position pursuant to the Paragraph 36 of this Consent Decree.  The motion shall contain a written statement of Mercedes-Benz's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

38.     The United States shall respond to Mercedes-Benz's motion within the time period allowed by the Local Rules of this Court.  Mercedes-Benz may file a reply memorandum, to the extent permitted by the Local Rules.

39.     In any dispute brought under Paragraph 37 of this Consent Decree, Mercedes-Benz shall bear the burden of demonstrating that its position clearly complies with and furthers the objectives of this Consent Decree and the Act and that Mercedes-Benz is entitled to relief under applicable law.  The United States reserves the right to argue that its position is reviewable only on the administrative record and must be upheld unless arbitrary and capricious or otherwise not in accordance with law.

40.     The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Mercedes-Benz under this

-18-

Consent Decree, unless and until final resolution of the dispute so provides. Stipulated Penalties

with respect to the disputed matter shall continue to accrue from the first day of noncompliance,

but payment shall be stayed pending resolution of the dispute as provided in Paragraph 21 of this

Consent Decree. If Mercedes-Benz does not prevail on the disputed issue, Stipulated Penalties

shall be assessed and paid as provided in Section VII (Stipulated Penalties).

## X. RIGHT OF ENTRY/RECORDS RETENTION

41.     Subject to and in compliance with the requirements of Section 208 of the Act,

42 U.S.C. § 7542, EPA and its authorized representatives and contractors are authorized, upon

presentation of appropriate credentials, to inspect and review any record required to be kept

under the terms and conditions of this Consent Decree. Nothing herein shall be construed,

however, to require Mercedes-Benz to impose new or additional right of entry requirements on

Mercedes-Benz Dealers.

42.     Mercedes-Benz shall maintain, in a form suitable for inspection, all records

related to (a) the Supplemental Emission-Related Defect Monitoring, Investigation and

Reporting Protocol described in Appendix B, (b) the voluntary recalls or warranty extension

program implemented (or being implemented) by Mercedes-Benz with respect to the Emission-

related Defects identified in three of the Subject EDIRs, including (i) the EDIR submitted on

February 28, 2005, with respect to the catalytic converters on certain Model Year 1999 - 2001

M-Class Mercedes-Benz Vehicles, (ii) the EDIR submitted on July 15, 2005 with respect to the

air injection pumps on certain Model Year 2002 - 2004 Mercedes-Benz Vehicles, and (iii) the

EDIR submitted on July 27, 2004 with respect to the catalytic converters on certain Model Year

2000 S-Class and CL-Class Mercedes-Benz Vehicles; (c) any manufacturer follow-up described

-19-

in the remaining seven Subject EDIRs, and (d) all other information gathered by Mercedes-Benz to carry out the requirements of this Consent Decree. Mercedes-Benz shall make these records available to EPA upon request. Mercedes-Benz shall retain all such records for a period of five years after termination of this Consent Decree.

43.     All information and documents submitted by Mercedes-Benz to the United States pursuant to this Consent Decree shall be subject to public inspection, unless identified and supported as confidential business information by Mercedes-Benz in accordance with 40 C.F.R. Part 2. Nothing herein shall be construed, however, to require Mercedes-Benz to impose new or additional recordkeeping or retention requirements on Mercedes-Benz Dealers. Nothing herein shall be construed to require Mercedes-Benz to allow EPA access to documents protected by any applicable privilege.

44.     This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by EPA pursuant to applicable federal laws, regulations, or permits, nor does it limit or affect any duty or obligation of Mercedes-Benz to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## XI.  EFFECT OF DECREE

45.     This Consent Decree does not pertain to any matters other than those expressly specified in Paragraph 46 of this Consent Decree.

46.     This Consent Decree resolves the United States's civil claims for penalties and injunctive relief under Sections 203, 204, 205, and 208 of the Act, 42 U.S.C. §§ 7522, 7523, 7524, and 7542 with respect to:

    a.     the violations alleged in the Complaint; and

    b.     any failure to file the Subject EDIRs within the time period set forth in 40 C.F.R. § 85.1903(b).

47.     This Consent Decree does not limit or affect the rights of Mercedes-Benz or of the United States against any third parties not party to this Consent Decree, nor does it limit the rights of third parties not party to this Consent Decree, against Mercedes-Benz, except as otherwise provided by law.

48.     This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

## XII. NON-WAIVER PROVISIONS

49.     This Consent Decree in no way affects or relieves Mercedes-Benz of any responsibility to comply with any federal, state, or local laws or regulations.

50.     Mercedes-Benz is responsible for achieving and maintaining complete compliance with all applicable federal and state laws and regulations, and compliance with this Consent Decree shall be no defense to any actions commenced pursuant to said laws and regulations.

51.     The United States reserves any and all legal and equitable remedies available to enforce the provisions of this Consent Decree.

52.     This Consent Decree shall not limit any authority of EPA under the Act or any applicable statute, including the authority to seek information from Mercedes-Benz or to seek access to the property of Mercedes-Benz. Except as provided in Paragraph 46, the United States reserves all remedies available to it for violations of the Act by Mercedes-Benz that are not

alleged in the Complaint as well as for violations of the Act by Mercedes-Benz that occur after the date of lodging of this Consent Decree.

53.    This Consent Decree does not resolve criminal liability, if any, that any person might have for violations of the Act or any other law.

54.    Nothing in this Consent Decree shall be construed to limit the authority of the United States to undertake any action against any person, including, in response to conditions that may present an imminent and substantial endangerment to the environment or to the public health or welfare.

### XIII.  COSTS OF SUIT

55.    The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Mercedes-Benz.

### XIV.  MODIFICATION

56.    The terms of this Consent Decree may be modified only by a subsequent written agreement signed by all the Parties. Where the modification constitutes a material change to any term of this Decree, it shall be effective only upon approval by the Court.

### XV. PUBLIC COMMENT AND ENTRY OF CONSENT DECREE

57.    This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. In accordance with Department of Justice policy, the United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is

inappropriate, improper, or inadequate. This Paragraph does not create any rights exercisable by Mercedes-Benz.

58.     Mercedes-Benz consents to the entry of this Consent Decree without further notice.

## XVI. **TERMINATION**

59.     Mercedes-Benz may, at any time after four years from the Effective Date of this Consent Decree, serve upon the United States, together with all necessary supporting documentation, a Request for Termination of this Consent Decree stating that Mercedes-Benz has:

    a.     made the payment required by Paragraph 13 and any accrued Interest imposed by this Consent Decree;

    b.     paid in full any stipulated penalties imposed by this Consent Decree; and

    c.     completed all other requirements of this Consent Decree.

60.     Following receipt by the United States of Mercedes-Benz's Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Mercedes-Benz has satisfactorily complied with the requirements for termination of this Consent Decree. If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

61.     If the United States does not agree that the Decree may be terminated, Mercedes-Benz may invoke Dispute Resolution under Section IX of this Decree. However, Mercedes-

Benz shall not seek Dispute Resolution of any dispute regarding termination until 120 days after service of its Request for Termination.

## XVII.  SIGNATORIES/SERVICE

62.     Each undersigned representative of Mercedes-Benz, EPA, and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document. This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

63.     Mercedes-Benz agrees not to oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Mercedes-Benz in writing that it no longer supports entry of the Decree.

64.     Mercedes-Benz agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XVIII.   INTEGRATION

65.     This Consent Decree, including the Appendices identified or incorporated herein, constitutes the final, complete, and exclusive agreement and understanding between the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. Other than the Decree (including the Appendices), no other document, nor any representation, inducement,

-24-

agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents.

## XIX.    FINAL JUDGMENT

66.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Mercedes-Benz.

## XX.  RETENTION OF JURISDICTION

67.    This Court shall retain jurisdiction of this matter for the purposes of implementing and enforcing the terms and conditions of this Consent Decree and for the purpose of adjudicating all disputes among the Parties that may arise under the provisions of this Consent Decree, to the extent that this Consent Decree provides for resolution of disputes by the Court.

## XXI.    APPENDICES

68.    The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" contains a list of ten EDIRs filed by Mercedes-Benz from July 27, 2004 to July 15, 2005 ("Subject EDIRs"), and

"Appendix B" is the Supplemental Emission-Related Defect Monitoring, Investigation, and Reporting Protocol.

SO ORDERED AND APPROVED in accordance with the foregoing this _____ day of

_____, 2007.

_____

United States District Judge

**Signature Page – United States v. DaimlerChrysler AG and Mercedes-Benz USA, LLC**

FOR PLAINTIFF, UNITED STATES OF AMERICA

Dated: 12·13·06

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
10th & Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Dated: 12/15/06

DONALD G. FRANKEL, D.C. Bar #385086
Trial Attorney
Environmental Enforcement Section
United States Department of Justice
One Gateway Center
Suite 616
Newton, MA 02458

Dated: 12/18/06

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney
District of Columbia

Dated: 12/20/06

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney
Chief, Civil Division
District of Columbia
Judiciary Center Building
555 Fourth Street, N.W.
Washington, DC 20530

-26-

**Signature Page – United States v. DaimlerChrysler AG and Mercedes-Benz USA, LLC**

Dated: 12/19/06

KEITH V. MORGAN, D.C. Bar #422665
Assistant United States Attorney
District of Columbia
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530

-27-

**Signature Page – United States v. DaimlerChrysler AG and Mercedes-Benz USA, LLC**

Dated: 11/27/06

CATHERINE R. McCABE
Principal Deputy Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

Dated: 11/21/06

ADAM M. KUSHNER
Director
Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
1200 Pennsylvania Avenue, N.W.
Mailcode 2242A
Washington, D.C. 20460

Dated: 11/21/06

JEFFREY A. KODISH
Attorney Advisor
Air Enforcement Division
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
Mobile Sources Enforcement Branch
12345 W. Alameda parkway, Suite 214
Denver, CO 80228

-28-

**Signature Page – United States v. DaimlerChrysler, AG and Mercedes-Benz USA, LLC**

FOR DEFENDANT, DAIMLERCHRYSLER AG:

_____ Dated: **11/15/2006**
SIEGFRIED SCHWUNG
Vice President
DaimlerChrysler AG
Legal
HPC X 408
Calwer Strasse
71059 Sindelfingen

_____ Dated: _11/22/06_
PATRICK M. RAHER, D.C. Bar # 168542
Partner
Hogan & Hartson LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20006

**Signature Page – United States v. DaimlerChryser, AG and Mercedes-Benz USA, LLC**

FOR DEFENDANT, MERCEDES-BENZ USA, LLC

Dated: 11/15/06

FRANK P. BERENZ
General Counsel
Mercedes-Benz USA, LLC
One Mercedes Drive
Montvale, NJ  07645

Dated: 11/22/06

PATRICK M. RAHER, D.C. Bar # 168542
Partner
Hogan & Hartson LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20006

-30-

## APPENDIX A

### Ten EDIRS Filed by Mercedes-Benz with EPA
### During the Period from July 27, 2004 to July 15, 2005 ("Subject EDIRs")

1. EDIR filed July 27, 2004 with respect to mass airflow sensors.

2. EDIR filed July 27, 2004 with respect to underfloor catalytic converters on M-112 and M-113 engines.

3. EDIR filed July 27, 2004 with respect to S/CL- Class underhood catalytic converters.

4. EDIR filed October 15, 2004 with respect to catalytic converter inner-funnel steel.

5. EDIR filed November 8, 2004 with respect to fuel filler caps.

6. EDIR filed February 28, 2005 with respect to M-Class underhood catalytic converters.

7. EDIR filed July 15, 2005 with respect to air injection pumps.

8. EDIR filed July 15, 2005 with respect to fuel tank pressure sensors.

9. EDIR filed July 15, 2005 with respect to ignition cables.

10. EDIR filed July 15, 2005 with respect to ignition modules.

## APPENDIX B

### SUPPLEMENTAL EMISSION-RELATED DEFECT MONITORING, INVESTIGATION, AND REPORTING PROTOCOL

In addition to complying with all applicable federal laws regarding the reporting of Emission-related Defects, including 40 C.F.R. Part 85, Subpart T, or any amendments thereof, Mercedes-Benz shall, within 90 days from the effective date of this Consent Decree, enhance its existing system for the monitoring, investigation and reporting of Emission-related Defects by implementing the following procedures with respect to Mercedes-Benz Vehicles:

1. Emission-Related Component Quality Information. Mercedes-Benz shall collect and retain information pertaining to Emission-related Components from the following sources (hereinafter Emission-related Component Quality Information "ECQI"):

    a. Information about all federal emissions warranty claims, California emissions warranty claims or other Mercedes-Benz warranty claims for Emission-related Components with respect to vehicles located in the United States ("Nationwide Warranty Claims");

    b. Running Change Notices; and

    c. Dealer Technical Bulletins.

2. Establishment of an Emissions Compliance Reporting Group. Mercedes-Benz shall establish an Emissions Compliance Reporting Group ("ECRG") to receive and review ECQI materials quarterly. The ECRG shall be made up of individuals from the Office of Certification and Regulatory Affairs ("EP/QZ") and the Office of General Counsel ("RP"). The ECRG shall meet at least quarterly.

3. Criteria for Triggering an Investigation. The ECRG shall review ECQI materials under the criteria set forth below. Upon determining that any of the criteria set forth in subsections a - c below are met, the ECRG shall promptly commence and conduct an internal investigation to determine if a specific Emission-related Defect exists, and if it is present in twenty-five or more vehicles of the same Model Year.

    a. The number of unscreened Nationwide Warranty Claims received by Mercedes-Benz on or after February 1, 2004, for the same Emission-related Component, is an amount greater than or equal to the lesser of four percent or 1,400 of the vehicles that contain such component in an Engine Family or Test Group in a particular Model Year;

b. A Running Change Notice is implemented or a Dealer Technical Bulletin is issued for a specific Emission-related Component due to an Emission-related Defect;

c. Actual knowledge by Mercedes-Benz that a specific Emission-Related Defect may exist in the same specific Emission-related Component in twenty-five or more vehicles in the same Model Year.

4. Notwithstanding Paragraph 3(a) of this Appendix B, Mercedes-Benz does not need to conduct an investigation for any specific defect reported in any of the Subject EDIRs identified in the Consent Decree.

5. Mercedes-Benz's investigation shall be prompt, thorough, consider all relevant information that is available or reasonably obtainable, follow scientific and engineering principles, and be designed to obtain any information that Mercedes-Benz is required to investigate or report.

6. If Mercedes-Benz determines under Paragraph 3 of this Appendix B that an investigation concerning a specific Emission-related Component should be conducted, and such component has been installed in other Model Year vehicles or Engine Families, Mercedes-Benz shall investigate whether there is an Emissions-related Defect in such other Model Year vehicles or Engine Families.

7. ECRG Meetings and Determinations. The ECRG shall be responsible for reviewing the results of any investigation and determining if submission of an EDIR is required pursuant to 40 C.F.R. § 85.1903, or any amendment thereof, and if any reports are required by Paragraph 10 of this Appendix B. The ECRG shall meet at least quarterly for the purpose of reviewing investigations and making reporting and EDIR determinations.

8. If Mercedes-Benz initiates an investigation based on the criteria set forth in Paragraph 3(a) of this Appendix B, terminates the investigation after concluding that the number of vehicles potentially having an Emission-related Defect is less than the thresholds specified in Paragraph 3(a) of this Appendix B, and subsequently acquires other information indicating that the thresholds may have been exceeded, Mercedes-Benz shall resume its investigation and include the information from its earlier investigation to determine whether or not Mercedes-Benz must submit an EDIR pursuant to 40 C.F.R. §

- 2 -

85.1903, or any amendment thereof, or if any reports are required by Paragraph 10 of this Appendix B.

9. Status Reports. Mercedes-Benz shall submit an annual status report to EPA's EDIR-VERR Coordinator, Compliance and Innovation Strategies Division, on or before March 31 of each year, covering the prior calendar year which includes the following information regarding this program:

    a. Corporate name;

    b. Name and Title of the authorized representative to contact regarding the information in the status report;

    c. Identification of each investigation of potential Emission-related Defects that Mercedes-Benz commenced, continued, or concluded during the term of the Consent Decree, including the applicable part number and description of the Emission-related Component being investigated as well as a description of the potential Emission-related Defect;

    d. The status of each investigation Mercedes-Benz commenced, continued or concluded during the term of the Consent Decree;

    e. A description of the potentially affected vehicles, including Engine Family, model, Model Year, and number of vehicles manufactured;

    f. An estimate of the number and/or percentage of each class or category of vehicles that have or may have the Emission-related Defect, and an explanation how this number was determined;

    g. Whether an EDIR or report required by Paragraph 10 of this Appendix B was filed and if so on what date; and

    h. If the investigation was closed or continued without filing an EDIR or a report under Paragraph 10 of this Appendix B, the reasons for such action.

10. Supplemental Reporting. Mercedes-Benz shall evaluate Nationwide Warranty Claims within the process described in Paragraphs 1 and 3 of this Appendix B during the entire applicable warranty period. If, based upon this evaluation, Mercedes-Benz determines that at any time during the applicable warranty period an Emission-related Defect exists in 25 or more vehicles in the same Model Year and that such defect has not been reported

- 3 -

pursuant to 40 C.F.R.§ 85.1903, Mercedes-Benz shall provide a written report to EPA's EDIR-VERR Coordinator, Compliance and Innovation Strategies Division, in a form equivalent to that set forth in 40 C.F.R. § 85.1903. Such report shall be submitted within 15 days of the date that Mercedes-Benz makes such a determination.